UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYED REHMAN,<br><br>Plaintiff,<br><br>v.<br><br>SRIDHAR CHADIVE, VASANTHI CHADIVE, SRIKANTH CHADIVE, PRAVEENA CHADIVE, JAYAKAMAR BUDAMALA, and SRIDEVI BUDAMALA<br><br>Defendants. | Civ. No. 2:24-cv-00341-WJM-JBC<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.C.:**

In this contract dispute, Defendants move to dismiss Plaintiff's complaint for *forum non conveniens*, among other grounds.[1] ECF No. 16. There was no oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendants' motion to dismiss is **granted**.

I. BACKGROUND

This case centers on land in India. Plaintiff Syed Rehman ("Rehman"), a resident of New Jersey, entered into a contract with Defendants in January 2018 to purchase property in Mankhal, a revenue village and panchayat in the Ranga Reddy district. Compl. ¶¶ 13-14, 18, ECF No. 1. The property comprises agricultural land. *Id.* at ¶ 14. Rehman alleges that, despite making all requisite payments for the property totaling $2.7 million, Defendants never conveyed clear and marketable title to the land. *Id.* at ¶¶ 15-18. The same property has been the subject of civil and criminal lawsuits in India involving the same parties.[2] *See* Def. Reply, Exs. A-E, ECF No. 16; Pl. Opp., ECF No. 22. On March 18, 2019, Rehman filed suit in the District Court of Ranga Reddy seeking injunctive relief against Defendants related to the ownership and sale of the property. *See generally* Def. Reply, Ex. A. About a month later, on April 29, 2019, Defendants Sridhar Chadive, Srikanth Chadive,

---

[1] Defendants are Sridhar Chadive, Vasanthi Chadive, Srikanth Chadive, Praveena Salla, Jayakamar Budamala, and Sridevi Budamala. ECF No. 16.
[2] At least one of these lawsuits is purportedly still pending in court in India. *See* Def. Reply 3, ECF No. 16.

1

and Sridevi Budamala sued Rehman seeking injunctive relief and to void the property sales deed. *See generally id.* Ex. B.

On January 20, 2024, Plaintiff initiated this action upon filing a complaint containing four counts. Count One alleges Defendants—specifically Defendant Sridhar Chadive—breached the contract at issue by failing to deliver marketable title and improperly interposing a lien against the land. *Id.* at ¶¶ 19-23. Count Two alleges Defendants breached the contract's implied covenant of good faith and fair dealing. *Id.* at ¶¶ 24-30. Count Three alleges Defendants never intended to deliver clear title, made false misrepresentations of material fact about the property, and committed fraud. *Id.* at ¶¶ 31-34. Finally, Count Four alleges Defendants committed conversion by withholding Rehman's $2.7 million payment for the property. *Id.* at ¶¶ 35-41.

## II.    DISCUSSION

In their motion to dismiss, Defendants make five arguments for dismissal: (1) the Court lacks personal jurisdiction over them under Rule 12(b)(2); (2) venue is improper in New Jersey under Rule 12(b)(3); (3) dismissal is warranted under the doctrine of *forum non conveniens*; (4) dismissal is warranted pursuant to the principle of international comity; and (5) the complaint fails to state a claim for which relief can be granted under Rule 12(b)(6). *See generally* Def. Mot., ECF No. 16. The Court agrees that dismissal pursuant to *forum non conveniens* is appropriate here as the case would be better resolved in the court in India where there is parallel civil and criminal litigation.

District courts are "accorded substantial flexibility in evaluating a *forum non conveniens* motion, and '[e]ach case turns on its facts.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). When considering *forum non conveniens*, a court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947).[3] Courts must therefore examine if another forum has jurisdiction to hear the case, and if the plaintiff's selected forum would create "oppressiveness and vexation to a defendant out of all proportion to [the] plaintiff's convenience, or [if] the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problem." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994). The Third Circuit has articulated a three-part test for analyzing *forum non conveniens*. First, a court must "determine whether an adequate alternative forum can entertain the case." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189-190 (3d Cir. 2008). If so, it must next decide the degree of deference due to the plaintiff's forum choice. *Id.* at 190. Finally, it must "balance the relevant private and public interest factors" to determine whether it would be more appropriate and convenient for the

---

[3] The Court can properly resolve the less burdensome issue of *forum non conveniens* without settling jurisdictional matters. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007). "When deciding a motion to dismiss based on the doctrine of *forum non conveniens*, a court may '[bypass] questions of subject matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.'" *Baez v. Marriot Int.*, No. 18-1894, WL 3801251 at *2-3 (D.N.J. Aug. 9, 2018) (quoting *Sinochem Int'l Co.*, 549 U.S. at 43).

parties to proceed in the alternate forum. *Id.* (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160 (3d Cir. 2010)).

First, India is an adequate alternate forum to adjudicate this case since, as noted, lawsuits involving the same property and parties have been brought in court there.[4] Second, when a plaintiff is a domestic resident or citizen, "a strong presumption of convenience exists" in favor of the chosen forum, *Windt*, 529 F.3d at 190, but that deference is far from absolute. While Rehman is a U.S. citizen, *see* Compl. ¶ 2, he initially decided to adjudicate this matter in India, where, again, the property at issue is located. Rehman's decision to bring this action in New Jersey is accordingly entitled to only moderate deference. Finally, the Court must balance the public and private interest factors. Here, the private interests affecting the convenience of the parties is significantly impacted by the litigation in India, where witnesses to the property sale are purportedly based. *See* Def. Reply 14. And while the Court is mindful that the United States has an interest in redressing wrongful conduct involving or affecting its citizens, India has a greater interest in seeing this dispute resolved and in deterring potentially fraudulent and criminal activities relating to local property. The court in India has likely expended considerable time and resources in adjudicating the companion cases and should have the opportunity to resolve this matter.

## III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and the complaint is dismissed **WITHOUT PREJUDICE**. Since Rehman was previously incarcerated and unavailable to assist his counsel with pleading, *see* Pl. Opp. 14, the Court grants him leave to amend the complaint to the extent he can plead facts curing the deficiencies discussed above. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: January 15, 2025

---

[4] Foreign courts are rarely inadequate, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981), and our federal courts have found India to be an adequate alternate forum. *See, e.g., In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984*, 634 F. Supp. 842, 867 (S.D.N.Y. 1986), *aff'd as modified*, 809 F.2d 195 (2d Cir. 1987) (deferring to the "adequacy and ability of the courts of India" in dismissing a motion for *forum non conveniens*); *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 840 (S.D. Tex. 1993)("[C]ourts of India provide an available, adequate, and appropriate forum for the resolution of this dispute.").

3